**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LUIS GUILLERMO CASTILLO-RUBIO,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **EP-25-cv-00097-LS** |
| **RUSSELL ABOUD,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL AND ORDERING**
**PARTIES TO CONFER AND FILE A JOINT STATEMENT**

Plaintiff Luis Guillermo Castillo-Rubio brings this action for breach of contract, legal malpractice, fraudulent misrepresentation, breach of fiduciary duty, and unjust enrichment against Defendant Russel Aboud in connection with Defendant's legal representation of Plaintiff in a federal criminal case. First Amend. Verified Compl. & Jury Demand 1, ECF No. 20. Before the Court is Plaintiff's Motion to Compel Defendant's Responses to Requests for Production and to Require Supplemental Discovery Responses, ECF No. 33 [hereinafter "Second Mot. Compel"]. The Honorable District Judge Leon Schydlower referred Plaintiff's Second Motion to Compel to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1) and Local Court Rule CV-72. Order Ref'ing Mot., ECF No. 34.

## I.  BACKGROUND

Plaintiff, an incarcerated *pro se* litigant,[1] filed his First Motion to Compel on January 5, 2026. Pl.'s Mot. Compel Disc., Sancs., & Order Deeming Matters Admit., ECF No. 24. In it, he

---

[1]    Although the Court is mindful of Plaintiff's *pro se* status, and thus construes his filings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law," *see Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

informed the Court that Defendant had failed to respond or object to his interrogatories, requests for production, and requests for admission, and moved for Defendant to be compelled to respond to the requests in full. *Id.* at 3, 8. The district court granted the request, "order[ing] both parties to respond to all discovery requests in compliance with the Federal Rules of Civil Procedure." Order Grant. Pt. & Deny. Pt. Pl.'s Mot. Compel, Deny. Pl.'s Mot. Order Show Cause, & Amend. Schedul. Order 1, ECF No. 30 [hereinafter "Order Mot. Compel & Amend. Schedul. Order"] (emphasis omitted).

In his Second Motion to Compel, filed May 4, 2026, Plaintiff reported that Defendant had yet to serve responses to the requests for production or produce any responsive materials. Second Mot. Compel 3–4. Plaintiff further stated that, while he did receive Defendant's responses to the interrogatories and requests for admission after the district court entered its order compelling production, such responses were incomplete. *Id.* at 3–6. Plaintiff thus moved the Court to compel Defendant to (1) respond to Plaintiff's Requests for Production; (2) produce all responsive, non-privileged documents and provide a privilege log for any document withheld on privilege grounds; (3) supplement his interrogatory answers; and (4) amend his responses to the requests for admission. *Id.* at 7–8. Within the motion, Plaintiff included a Certificate of Conference stating that he, in good faith, sent a letter to Defendant in February 2026, setting forth the deficiencies and requesting that they be cured within ten days. *Id.* at 9. However, Plaintiff did not certify that he had attempted to discuss these deficiencies with Defendant or attach the responses he received to the motion. *See id.*

In response to Plaintiff's motion, Defendant stated he had "properly answered and objected [to the requests for production] accordingly" and that certain responsive documents were already in Plaintiff's possession, otherwise accessible, or did not exist. Def.'s Resp. Pl.'s Mot. Compel

Resps. Reqs. Prod. & Def.'s Mot. Compel Answers Interrogs. 1, ECF No. 35 [hereinafter "Resp."]. He did not, however, provide copies of his responses or articulate any discernible objections to Plaintiff's requests. *Id.*

Defendant further "move[d] that Plaintiff answer discovery,"  advising the Court that "Plaintiff has not answered his discovery" and "[n]one of Defendant's requests for production were answered." Resp. at 2 (emphasis in original). Yet, within the same paragraph and in direct tension with his assertions, Defendant appears to acknowledge that Plaintiff did serve responses to the interrogatories, albeit incomplete ones, and responded to the production requests by lodging objections. *Id.* Defendant further failed to support his motion with a certification of conferral, a description of the purported deficiencies, or by attaching any party's discovery requests or responses. *Id.*

**A.  Plaintiff's Second Motion to Compel is denied.**

Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person . . . failing to make disclosure or discovery in an effort to obtain it without court action." To comply with the Rule, a movant must not only exhibit good faith but must also confer, or attempt to confer, with the opposing party. Satisfaction of the conferral requirement involves the moving party engaging in, or at least attempting to engage in, a two-way dialogue to discuss discovery disputes. *See Castillo v. Wal-Mart Stores Texas, LLC*, No. 3:23-CV-00467-ATB, 2024 WL 4531080, at *1 (W.D. Tex. Oct. 8, 2024) (citing *Perkins v. United States Parcel Serv. of Am., Inc.*, No. EP-23-CV-258-KC, 2024 WL 1493808, at *1 (W.D. Tex. Apr. 5, 2024); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012)) ("To 'confer' means that the parties must have enough two-way communications to discuss, deliberate, or compare views on any issues necessary to resolve the dispute.").

As a general rule, a single letter sent to the opposing party does not satisfy the good faith conferral requirement, particularly where the letter simply lists alleged deficiencies and does not attempt to open the door to discussion concerning disputed discovery. *Compass Bank*, 287 F.R.D. at 399–400 (collecting cases) (holding a "single letter unilaterally identifying flaws in [d]efendant's discovery responses and setting an arbitrary response deadline for [d]efendant would seem to be inadequate, as it does not equate to a good faith conferral or attempt to confer"); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (holding conferral requirement requires parties to "make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention").

Accordingly, Plaintiff's letter – which invites neither conversation nor conference – falls short of satisfying the conferral requirement. The Motion to Compel Defendant's Responses to Requests for Production and to Require Supplemental Discovery Responses, ECF No. 33 is thus **DENIED**.

**B. Defendant's request "that Plaintiff answer discovery" is denied.**

To the extent Defendant's request "that Plaintiff answer discovery" could be construed as a motion, *see* Resp. 2, Defendant has likewise failed to meet the conferral requirement, as he entirely neglected to file a certification of conference. Accordingly, Defendant's request is **DENIED**.

**C. The parties are ordered to confer and file a Joint Statement.**

In light of both parties' alleged unwillingness to participate in discovery and rapidly approaching discovery deadlines, the Court concludes it must direct the parties' discovery efforts to promote judicial efficiency.

The Court thus **ORDERS** the parties to **CONFER IN GOOD FAITH** in an effort to resolve any outstanding discovery disputes by **May 27, 2026.**  The Court acknowledges that the parties' ability to meet is substantially frustrated by Plaintiff's incarcerated status.  Accordingly, to the extent Plaintiff is able to meet and confer by telephone or via video conference, Defense counsel is expected to reasonably make themselves available.[2]  Alternatively, the parties may satisfy the conferral requirement using written communication, so long as they certify that they have worked to clarify what each party is asking for, identify what responsive information or documents can realistically be produced, and isolate which, if any, objections that truly require court intervention.

The Court **FURTHER ORDERS** that the parties must **FILE A JOINT STATEMENT** addressing each of discovery disputes by **May 27, 2026**.  The Joint Statement must meet the following requirements:

1. Both parties must **certify** that they conferred in good faith, formulating their certification in a way that would satisfy both Federal Rule of Civil Procedure 37(a)(1) and Local Rule CV-7(g).  The certification must, at minimum, state the date, manner (e.g., written communication, telephone, or video conference), and duration of their meeting.

2. For any discovery request that a Requesting Party ("RO") seeks to compel, the **RO must attach to the Joint Statement all requests and supplemental requests** it has served that are relevant to that request. The **Opposing Party ("OP") must likewise attach all written responses and supplemental responses** it has served that are relevant to the request.  If applicable, and to the extent not apparent from its written

---

[2]    Failure to do so may be found to constitute a waiver of objections or subject Defendant to sanctions.

responses, the **OP must summarize all documents it has produced that are responsive to the disputed request**. If a party fails to attach a request or response, the Court may conclude that the document was never served.

3. Separately for each interrogatory, request for admission, and request for production, the parties must **address any unresolved discovery disputes that remain after their meet and confer session using the Discovery Dispute Template** ("Template") appended to this Order. When addressing each unresolved discovery dispute using the Template, the parties should consider (and are highly encouraged) to cite on-point legal authority that supports their arguments.[3] **NO SEPARATE STATEMENTS WILL BE ACCEPTED.**

## II. CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's Motion to Compel Defendant's Responses to Requests for Production and to Require Supplemental Discovery Responses, ECF No. 33.

---

[3] In presenting their objections to the discovery requests, the parties are advised that "[o]ur system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case." *Hernandez v. Results Staffing, Inc.,* 907 F.3d 354, 363 (5th Cir. 2018) (quoting *Abrahamsen v. Trans-State Express, Inc.*, 92 F.3d 425, 428−29 (6th Cir. 1996)). A requesting party's "ability to obtain the documents from alternate sources does not excuse the [opposing party] from their obligation to produce the documents." *Id.* at 362. Nor do the rules "authorize one party to withhold discoverable material in retaliation for the opposing party's withholding of discoverable material." *Williams v. Am. Honda Motor Co.*, No. 6:20-cv-00022, 2022 WL 1071463, at *2 (E.D. Tex. Apr. 8, 2022), *aff'd*, No. 22-40224, 2023 WL 3739095 (5th Cir. May 31, 2023) (citing *Lumbermens Mut. Cas. Ins. Co. v. Maffei*, No. 3:03-cv-262, 2006 WL 2709835, at *5 n. 21 (D. Alaska Sept. 20, 2006); *see also Gropper v. David Ellis Real Est., L.P.*, No. 13-cv-2068, 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014)).

The parties are further advised that they "cannot refuse to engage in – and should not be excused from being subjected to – discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail." *Randstad General Partner (US), LLC, v. Beacon Hill Staffing Grp., LLC.*, No. 3:20-2814-N-BN, 2021 WL 4319673, at *1 (N.D. Tex. Sept. 23, 2021) (citing *Heller v. City of Dal.*, 303 F.R.D. 466, 489 (N.D. Tex. 2014); *Third Pentacle, LLC v. Interactive Life Forms, LLC*, No. 3:10-cv-00238, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012)).

**IT IS ORDERED** that Plaintiff Castillo-Rubio and Defendant Aboud shall **CONFER IN GOOD FAITH** in an effort to resolve any outstanding discovery disputes **no later than May 27, 2026.**

**IT IS FURTHER ORDERED** that, after conferring in good faith, Plaintiff Castillo-Rubio and Defendant Aboud shall **FILE A JOINT STATEMENT, on or before May 27, 2026** that meets all the requirements mentioned elsewhere in this Order.  However, if the parties resolve all their discovery disputes before May 27, 2026, they need only file a joint notice informing the Court of the same.

**THE PARTIES ARE ADVISED** that, to the extent they wish to move to compel discovery after conferring and filing the Joint Statement, they should do so promptly.[4]

**THE PARTIES ARE FURTHER ADVISED** that failure to comply with this Order and repeated failure to comply with court orders, the Local Rules, or Federal Rules of Civil Procedure may result in sanctions.

**SO ORDERED** and **SIGNED** this 15th day of May, 2026.

ROBERT F. CASTAÑEDA
UNITED STATES MAGISTRATE JUDGE

---

[4]     The parties are reminded that the Scheduling Order, as amended, requires that discovery be completed by May 29, 2026.  *See* Order Mot. Compel & Amend. Schedul. Order. 2.

## DISCOVERY DISPUTE TEMPLATE

**[Discovery Request] No. [#]:**
Copy verbatim text of the discovery request.

**Response:** Copy verbatim text of response to the discovery request.

Statement of Relevance:
- Requesting Party ("RP") must specifically articulate why the request is relevant to its claims or defenses.[5]

Arguments on Objections:
- Opposing Party ("OP") must specifically argue each objection raised in its response to the request.[6]

Proposed Modification to Resolve Objections:
- RP must propose a reasonable modification, if feasible, of the discovery request to resolve OP's objections.
- RP's proposed modification or adjustment, such as narrowing the scope of the request, should aim to accommodate OP's concerns while still addressing its own need for the discovery request.
- RP need not include anything in this section **IF** OP did not object to the request.

Ability to Respond or Produce:
- OP must specify the extent to which it can comply with the request, either fully or in part, in a manner that addresses RP's relevance and need.
- If OP is withholding or limiting production, it must identify what can be reasonably produced and whether any modifications would allow for full compliance.
- If applicable, OP must also indicate whether it is willing to produce the requested information subject to a protective order or other conditions.
- If OP has already produced responsive discovery, OP must specifically identify which documents (either through Bates-numbering or any other document-numbering system used) and in which production (date and/or number) are those responsive to the request.

Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?
- Both parties must _**jointly**_ (that is, agree on the language to be included in this section) explain why the dispute was not resolved during the meet-and-confer process. This section must detail the remaining points of disagreement, the extent of the dispute, and efforts made by both parties to resolve it.

---

[5] _El Paso Disposal, LP v. Ecube Labs Co._, No. EP-24-CV-00097-KC, 2024 WL 4806498, at *3 (W.D. Tex. Nov. 15, 2024).
[6] _McLeod, Alexander, Powel & Apffel, P.C. v. Quarles_, 894 F.2d 1482, 1485 (5th Cir. 1990).