**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LUIS GUILLERMO CASTILLO-RUBIO,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **EP-25-cv-00097-LS** |
| **RUSSELL ABOUD,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |
| | § | |

**ORDER TO CONFER AND FILE A JOINT STATEMENT AND EXTENDING**
**PLAINTIFF'S SCHEDULING ORDER DEADLINES**

On this day, the undersigned Magistrate Judge considered the above-captioned case, following the appearance of Russell M. Aboud and Walter L. Boyaki for a show cause hearing on June 24, 2026.[1]

## I.    BACKGROUND

On May 15, 2026, in an effort to promote judicial efficiency and bring an end to ongoing issues concerning the discovery process, the Court ordered the parties in this matter to confer and file a joint statement regarding outstanding discovery disputes by May 27, 2026.  *See* Order Denying Pl.'s Second Mot. Compel & Ordering Parties Confer & File Joint Statement 7, ECF No. 37 [hereinafter "May 15 Order"].  Nevertheless, the May 27 deadline elapsed without either party filing a Joint Statement, and on May 29, 2026, Plaintiff notified the Court that he had mailed a meet-and-confer letter to Defense counsel on or about May 18, 2026, but had not yet received a response as of May 22, 2026.  Pl.'s Notice of Attempted Compliance ¶ 4, 7, ECF No. 40.

---

[1]    The case was assigned to United States District Judge Leon Schydlower, who then referred the case to the undersigned Magistrate Judge "for determination of all nondispositive pretrial matters and report and recommendation on all dispositive pretrial matters.  See Order Referring Case to U.S. Magistrate Judge 1, ECF No. 42.

On June 17, 2026, defense counsel was ordered to show cause as to cause as to why the Court should not recommend they be held in civil contempt for violating the May 15 Order. *See* Order to Show Cause, ECF No. 43. In response to this order, Russell M. Aboud and Walter L. Boyaki argued, in general terms, "[t]he case has no merit and essentially Defense position [sic] is no harm no foul." *See* Def.'s Counsel Resp. Court's Show Cause Order ¶ 11, ECF No. 44; Def. Aboud's  Resp. Court's Show Cause Order ¶ 11, ECF No. 45.

## II.    DISCUSSION

### A.  Order to Confer and File a Joint Statement

While the Court finds defense counsel's position notably deficient in legal support, it concludes that the interests of this case are best served by requiring compliance with the May 15 Order rather than contempt sanctions at this time. Accordingly, the Court declines, at this juncture, to recommend that Russell M. Aboud or Walter L. Boyaki be held in contempt. Instead, the Court again directs the parties to meet and confer and to file a joint statement addressing the ongoing discovery disputes. And, in light of Plaintiff's incarcerated status and the resulting logistical challenges, the Court extends the deadline for the parties' conferral and filing to August 24, 2026.

**IT IS THEREFORE ORDERED** that Defendant, by and through his counsel, shall **CONFER WITH PLAINTIFF IN GOOD FAITH** regarding all outstanding discovery disputes **no later than August 24, 2026.**[2]

---

[2]    To the extent Plaintiff is able to meet and confer by telephone or via video conference, Defense counsel is expected to reasonably make themselves available. Alternatively, the parties may satisfy the conferral requirement using written communication, so long as they certify that they have worked to clarify what each party is asking for, identify whether responsive information or documents can realistically be produced, and isolate which, if any, objections that truly require court intervention.

**IT IS FURTHER ORDERED** that the parties shall **FILE A JOINT STATEMENT** addressing each of their discovery disputes **no later than August 24, 2026**.  The Joint Statement must meet the following requirements:

1. Both parties must **certify** that they conferred in good faith, formulating their certification in a way that would satisfy both Federal Rule of Civil Procedure 37(a)(1) and Local Rule CV-7(g).  The certification must, at minimum, state the date, manner (e.g., written communication, telephone, or video conference), and duration of their meeting.

2. For any discovery request that a Requesting Party ("RO") seeks to compel, the **RO must attach to the Joint Statement all requests and supplemental requests** it has served that are relevant to that request. The **Opposing Party ("OP") must likewise attach all written responses and supplemental responses** it has served that are relevant to the request.  If applicable, the **OP must summarize all documents it has produced that are responsive to the disputed request**.  If a party fails to attach a request or response, the Court may conclude that the document was never served.

3. Separately for each interrogatory, request for admission, and request for production, the parties must **address any unresolved discovery disputes that remain after their meet and confer session using the Discovery Dispute Template** ("Template") appended to this Order.  When addressing each unresolved discovery dispute using the Template, the parties should consider (and are highly encouraged) to cite on-point legal authority that supports their arguments.[3]  **NO SEPARATE STATEMENTS WILL BE ACCEPTED.**

---

[3]  In presenting their objections to the discovery requests, the parties are advised that "[o]ur system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case." *Hernandez v. Results Staffing, Inc.,* 907 F.3d 354, 363 (5th Cir. 2018) (quoting *Abrahamsen v. Trans-State Express, Inc.*, 92 F.3d 425, 428−29 (6th Cir. 1996)).  A requesting party's "ability to obtain the documents from alternate sources does not excuse the [opposing party] from their obligation to produce the documents."  *Id.* at 362.  Nor do the rules "authorize one party to withhold discoverable material in retaliation for the opposing party's withholding of discoverable material." *Williams v. Am. Honda Motor Co.*, No. 6:20-cv-00022, 2022 WL 1071463, at *2 (E.D. Tex. Apr. 8, 2022), *aff'd*, No. 22-40224, 2023 WL 3739095 (5th Cir. May 31, 2023) (citing *Lumbermens Mut. Cas. Ins. Co. v. Maffei*, No. 3:03-cv-262, 2006 WL 2709835, at *5 n. 21 (D. Alaska Sept. 20, 2006); *see also Gropper v. David Ellis Real Est., L.P.*, No. 13-cv-2068, 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014)).

The parties are further advised that they "cannot refuse to engage in – and should not be excused from being subjected to – discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail."  *Randstad General Partner (US), LLC, v. Beacon Hill Staffing Grp., LLC.*, No. 3:20-2814-N-BN, 2021 WL 4319673, at *1 (N.D. Tex. Sept. 23, 2021) (citing *Heller v. City of Dal.*, 303 F.R.D. 466, 489 (N.D. Tex. 2014); *Third Pentacle, LLC v. Interactive Life Forms, LLC*, No. 3:10-cv-00238, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012)).

**DEFENDANT IS ADVISED THAT FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT RUSSELL M. ABOUD AND WALTER L. BOYAKI BE HELD IN CONTEMPT.**

**B.  Order Extending Plaintiff's Scheduling Order Deadlines**

Further, in light of Defense counsel's failure to comply with the May 15 Order and flagrant disregard for court orders, the Local Rules, and the Federal Rules of Civil Procedure, the Court finds that Plaintiff was deprived of a meaningful opportunity to timely renew his motion to compel discovery or to file dispositive motions within the deadlines established by the Court's February 3, 2026 Order. *See* Order Granting In Part & Denying In Part Pl.'s Mot. Compel, Denying Pl.'s Mot. for Order Show Cause, & Amending Sched. Order, ECF No. 30. Accordingly, the Court finds good cause to extend Plaintiff's deadlines to ensure that his ability to pursue his case is not prejudiced by Defendant's misconduct.[4]

**IT THERFORE ORDERED** Plaintiff Castillo-Rubio's deadline to file **discovery-related motions** is extended to **September 24, 2026**.

**IT IS FURTHER ORDERED** Plaintiff Castillo-Rubio's deadline to file **dispositive motions** is extended to **October 26, 2026**.

**SO ORDERED** and **SIGNED** this 30th day of June, 2026.

_____
ROBERT F. CASTAÑEDA
UNITED STATES MAGISTRATE JUDGE

---

[4]    The Court finds no good cause to extend these deadlines as to Defendant. Accordingly, despite Defendant's repeated statements indicating an intent to file a motion for summary judgment, Defendant is advised that his deadline to file such a motion expired on June 18, 2026. Likewise, Defendant is advised that, while the parties are directed to inform the Court of any outstanding discovery disputes, Defendant's deadline to seek judicial intervention to compel discovery expired on May 29, 2026.

**DISCOVERY DISPUTE TEMPLATE**

**[Discovery Request] No. [#]:**
Copy verbatim text of the discovery request.

**Response:** Copy verbatim text of response to the discovery request.

Statement of Relevance:
- Requesting Party ("RP") must specifically articulate why the request is relevant to its claims or defenses.[5]

Arguments on Objections:
- Opposing Party ("OP") must specifically argue each objection raised in its response to the request.[6]

Proposed Modification to Resolve Objections:
- RP must propose a reasonable modification, if feasible, of the discovery request to resolve OP's objections.
- RP's proposed modification or adjustment, such as narrowing the scope of the request, should aim to accommodate OP's concerns while still addressing its own need for the discovery request.
- RP need not include anything in this section **IF** OP did not object to the request.

Ability to Respond or Produce:
- OP must specify the extent to which it can comply with the request, either fully or in part, in a manner that addresses RP's relevance and need.
- If OP is withholding or limiting production, it must identify what can be reasonably produced and whether any modifications would allow for full compliance.
- If applicable, OP must also indicate whether it is willing to produce the requested information subject to a protective order or other conditions.
- If OP has already produced responsive discovery, OP must specifically identify which documents (either through Bates-numbering or any other document-numbering system used) and in which production (date and/or number) are those responsive to the request.

Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?
- Both parties must *__jointly__* (that is, agree on the language to be included in this section) explain why the dispute was not resolved during the meet-and-confer process. This section must detail the remaining points of disagreement, the extent of the dispute, and efforts made by both parties to resolve it.

---

[5] *El Paso Disposal, LP v. Ecube Labs Co.*, No. EP-24-CV-00097-KC, 2024 WL 4806498, at *3 (W.D. Tex. Nov. 15, 2024).

[6] *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).