**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LUIS GUILLERMO CASTILLO-RUBIO,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **EP-25-cv-00097-LS-RFC** |
| | § | |
| **RUSSELL ABOUD,** | § | |
| | § | |
| ***Defendant.*** | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Rule 12(c) Motion to Dismiss, ECF No. 62 [hereinafter "Mot."]. The Honorable District Judge Leon Schydlower referred the case to the undersigned magistrate "for determination of all nondispositive pretrial matters and report and recommendation on all dispositive pretrial matters," pursuant to 28 U.S.C. § 636(b)(1) and Local Court Rule CV-72. Order Ref'ing Case U.S. Mag. J., ECF No. 42. For the reasons set forth herein, the Court **RECOMMENDS** the Motion be **GRANTED**.

## I. BACKGROUND

Defendant was Plaintiff's criminal defense attorney from March 2018 to March 2019. First Am. Verified Compl. & Jury Demand ¶¶ 7, 15, ECF No. 20 [hereinafter "Am. Compl."]. Plaintiff alleges he agreed to pay Defendant a flat fee of $50,000 for full representation during all proceedings at the district court level. *Id.* ¶ 8. Plaintiff alleges he paid Defendant the full $50,000, but Defendant nevertheless "abandoned" Plaintiff's case. *Id.* ¶ 15. Plaintiff filed his original complaint alleging breach of contract, legal malpractice, fraudulent misrepresentation, breach of

fiduciary duty, and unjust enrichment on April 7, 2025. Verified Compl. & Jury Demand, ECF No. 3 [hereinafter "Orig. Compl."].

Throughout the proceedings, Defendant and his counsel have failed to comply with Court orders, *see* O.S.C., ECF No. 43, and tried to file dispositive motions after the deadline elapsed, *see* July 16, 2026, Text Order. Defendant's deadline to file dispositive motions was June 18, 2026. *See* Order Grant. in Part & Den. in Part Pl.'s Mot. to Compel, Den. Pl.'s Mot. for O.S.C., & Am. Scheduling Order, ECF No. 30. On October 7, 2026, Defendant, through his counsel, filed a Rule 12(c) motion requesting judgment on the pleadings, alleging Plaintiff's claims were untimely.

## II. LEGAL STANDARD

### A. Good cause to amend the scheduling order

"To assist in the speedy and efficient resolution of cases, Rule 16(b) requires the court to enter a scheduling order that limits the time litigants may file motions. Once set, the scheduling order may only be modified by leave of court upon a showing of good cause." *Argo v. Woods,* 399 F. App'x 1, 2 (5th Cir. 2010) (citing Fed. R. Civ. P. 16(b)). "[A] Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b) and if it will not delay trial." *Argo,* 399 F. App'x at 3 (quoting *Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995)). To comply with Rule 16(b) the moving part must demonstrate good cause to amend the scheduling order.

"The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). To evaluate good cause the Court considers "(1) the explanation for the party's failure to meet the deadline; (2) the importance

of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice." *Branch Banking & Trust Co. v. Wells,* Civil Action No. 3:10–CV–2238–L, 2013 WL 3367266, at *2 (N.D. Tex. July 5, 2013) (citing *S&W Enters.,* 315 F.3d at 535). "Under Fed. R. Civ. P. 6(b), the district court is granted broad discretion to expand filing deadlines." *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 367 (5th Cir. 1995) (citing *see, e.g.*, *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 583 (1st Cir. 1994); *Woods v. Allied Concord Fin. Corp*., 373 F.2d 733, 734 (5th Cir. 1967)).

**B. Rule 12(c) standard**

"A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd*., 914 F.2d 74, 76 (5th Cir. 1990)). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Great Plains Trust Co.,* 313 F.3d at 312 (quoting *Hughes v. Tobacco Inst., Inc*., 278 F.3d 417, 420 (5th Cir. 2001)).

"A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209-10 (5th Cir. 2010) (citing *Doe v. MySpace, Inc*., 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co.*, 313 F.3d at 313 n.8). "To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Molzan v. Bellagreen Holdings, LLC.,* 112 F.4th 323, 331 (5th Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Molzan,* 112 F.4th at 331 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)).

## III. DISCUSSION

### A. There is good cause to amend the scheduling order.

Before the Court can evaluate the merits of the motion, the Court must decide whether there is good cause to amend the scheduling order and consider the untimely motion. To evaluate good cause the Court considers: "(1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice." *Branch Banking & Trust Co*, 2013 WL 3367266, at *2 (citing *S&W Enters.,* 315 F.3d at 535).

First, Defendant did not explain his failure to meet the deadline in the scheduling order. *See* Mot. Instead, Defendant continues to assert that the motion was timely. *See* Def.'s Resp. to Pl.'s Mot. to Strike Rule 12(c) Mot., ECF No. 65. The motion is not timely.

Second, the Court must consider the importance of the amendment to the scheduling order. As discussed below, the claims Plaintiff brought are either untimely or prohibited as a matter of law. Allowing the Court to rule on this motion will prevent further wasting of judicial resources on claims that will never be successful. Other courts have found disposing of a case without the time or expense of trial to be an important factor when evaluating good cause. *See Branch Banking & Trust Co*, 2013 WL 3367266, at *4. Therefore, the second factor heavily favors amending the scheduling order.

Third, currently there is no trial date set for this case. Since the motion will dispose of the case without the expense of trial, there is no risk of prejudice to Plaintiff. Therefore, three of the four factors support finding good cause to amend the scheduling order.

Despite the Court finding good cause to consider the untimely motion, the Court admonishes both Mr. Aboud and Mr. Boyaki for waiting to file this motion until eighteen months after the original complaint was filed. Both Mr. Aboud and Mr. Boyaki are lawyers who should have investigated the statute of limitations when the original complaint was filed. Failing to investigate whether the claims were barred until eighteen months after the complaint was filed is inexcusable. The Fifth Circuit has said:

> the flouting of discovery deadlines . . . . [is] a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings.

*Gieserman v. MacDonald,* 893 F.2d 787, 792 (5th Cir. 1990). The Court will consider the merits of this motion as to not waste any more judicial resources on claims that are barred as a matter of law. This should not be construed in any way as a reward for Mr. Aboud and Mr. Boyaki's behavior.

**B. The breach of contract claim is untimely.**

Breach of contract claims are subject to a four-year statute of limitations in Texas. *See Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex. 2002) (citing Tex. Civ. Prac. & Rem. Code § 16.051).[1]

---

[1] A statute of limitations bar is an affirmative defense. *See Miceli v. The Bank of N.Y. Mellon,* No. 1:13–CV–1032–DAE, 2015 WL 4164853, at *4 (W.D. Tex. July 9, 2015) (citing Tex. R. Civ. P. 94; *Arismendez v. Nightingale Home Health Care, Inc*., 493 F.3d 602, 610 (5th Cir. 2007)). As such it must be raised in Defendant's responsive pleadings or it will be waived. *Miceli,* 2015 WL 4164853, at *4. Defendant included the statute of limitations as an affirmative defense in his answer. Def.'s Ans. to Compl. & Affirmative Defense 5, ECF No. 7.

"It is well-settled law that a breach of contract claim accrues when the contract is breached." *Stine,* 80 S.W.3d at 592 (quoting *Smith v. Fairbanks, Morse & Co*., 102 S.W. 908, 909 (Tex. 1907)). "[A] breach of contract occurs when a party fails or refuses to do something he has promised to do." *Townewest Homeowners Ass'n, Inc. v. Warner Commc'n Inc*., 826 S.W.2d 638, 640 (Tex. App. 1992).

Plaintiff alleges he entered into an oral contract with Defendant to provide complete legal representation for Plaintiff throughout all district court proceedings. Am. Compl. ¶ 20. Plaintiff alleges Defendant breached this contract by prematurely withdrawing from Plaintiff's case on March 12, 2019. *Id.* ¶ 15. Plaintiff's original complaint was filed on April 7, 2025. Orig. Compl. Therefore, the breach of contract claim is untimely.

**C. The legal malpractice claim is barred as a matter of law.**

In Texas, legal malpractice claims are governed by a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex. 1988). Under the *Peeler* doctrine, "convicts may not sue their criminal-defense attorneys for malpractice unless 'they have been exonerated on direct appeal, through post-conviction relief, or otherwise.'" *Gray v. Skelton,* 595 S.W.3d 633, 637 (Tex. 2020) (quoting *Peeler v. Hughes,* 909 S.W.2d 494, 498 (Tex. 1995)). Therefore, "the limitations period should be tolled during both direct appeals and post-conviction proceedings . . ." *Gray,* 595 S.W.3d at 640.

Plaintiff's direct appeal concluded when the Fifth Circuit affirmed the convictions on May 13, 2022. *See United States v. Castillo-Rubio,* 34 F.4th 404, 411 (5th Cir. 2022). Plaintiff continued to seek post-conviction relief under 28 U.S.C. § 2255. *See* Mem. Op. & Order, ECF No. 407, *United States v. Luis Guillermo Castillo-Rubio,* No. 3:11-cr-00303-DB-2 (W.D. Tex. Apr. 29, 2024). "A section 2255 motion . . . 'provides the primary means of collateral attack on a

federal sentence.'" *Pack v. Yusuff,* 218 F.3d. 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr*., 911 F.2d 1111, 1113 (5th Cir. 1990)).

Final judgment on Plaintiff's § 2255 claim was entered on April 29, 2024. *See* Final J., ECF No. 408, *United States v. Luis Guillermo Castillo-Rubio,* No. 3:11-cr-00303-DB-2 (W.D. Tex. Apr. 29, 2024). The statute of limitations was tolled until Plaintiff's post-conviction proceedings were resolved. *See Gray,* 595 S.W.3d at 640. Therefore, the claim is timely.

However, the Texas Supreme Court made clear, "convicts may not sue their criminal-defense attorneys for malpractice unless 'they have been exonerated on direct appeal, through post-conviction relief, or otherwise.'" *Gray,* 595 S.W.3d at 637 (quoting *Peeler,* 909 S.W.2d at 498). Plaintiff has not been exonerated. Therefore, Plaintiff's legal malpractice claim is barred as a matter of law.

**D. The fraudulent misrepresentation claim is untimely.**

In Texas, the statute of limitations for fraud is four years. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4). "A fraud claim accrues on the discovery of the fraud or at such time as the fraud might reasonably have been discovered through the exercise of reasonable diligence." *Carroll v. Jaques*, 927 F. Supp. 216, 223 (E.D. Tex. 1996) (citing *McMeens v. Pease*, 878 S.W.2d 185, 188 (Tex. App. 1994)). "The discovery rule, however, operates as an exception to the statute of limitations, wherein the plaintiff must plead and prove that the nature of the injury was inherently undiscoverable and objectively verifiable for the rule to apply." *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.,* 868 F. Supp. 2d 585, 590 (N.D. Tex. 2012) (citing *TIG Ins. Co. v. Aon Re, Inc*., 521 F.3d 351, 358 (5th Cir. 2008)). "The inherently undiscoverable requirement is satisfied when the nature of the injury is unlikely to be discovered even through due diligence." *Kitchell v.*

*Aspen Expl. Inc.,* 562 F. Supp. 2d 843, 849 (E.D. Tex. 2007) (quoting *Prieto v. John Hancock Mut. Life Ins. Co.*, 132 F.Supp.2d 506, 513 (N.D. Tex. 2001)).

Plaintiff alleges in March 2018, Defendant made "material misrepresentations of fact to Castillo to induce him into retaining his services." Am. Compl. ¶ 29. The allegedly false statements were: 1) Defendant would represent Plaintiff throughout all district court proceedings and 2) that Defendant's refusal to provide a written contract was merely his "standard practice". *Id.* Defendant withdrew as Plaintiff's attorney on March 12, 2019. *Id.* ¶ 15. Plaintiff knew of Defendant's allegedly false statements as of March 12, 2019. Nothing in the complaint suggests the nature of the injury was unlikely to be discovered through due diligence. *See Kitchell,* 562 F. Supp. 2d at 849 (quoting *Prieto*, 132 F. Supp. 2d at 513). Therefore, Plaintiff's claim is untimely.

**E. The breach of fiduciary duty claim is untimely.**

In Texas, breach of fiduciary duty claims are subject to a four-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.004(a)(5). "The discovery rule applies to claims for breach of fiduciary duty." *Kitchell,* 562 F. Supp. 2d at 855 (citing *Slusser v. Union Bankers Ins*., *Co.*, 72 S.W.3d 713, 718 (Tex. App. 2002)).

Plaintiff alleges Defendant breached his fiduciary duty by accepting a fee for services he did not intend to fully render, misrepresenting the nature of the fee agreement, and "abandoning his client's interests for his own sake." Am. Compl. ¶ 35. Defendant withdrew as Plaintiff's attorney on March 12, 2019. *Id.* ¶ 15. Because the alleged breach happened on March 12, 2019, the claim is untimely.

**F. The unjust enrichment claim is untimely.**

In Texas, unjust enrichment claims are governed by a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Elledge v. Friberg-Cooper Water Supply Co.,* 240

S.W.3d 869, 871 (Tex. 2007). "As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 221 (Tex. 2003) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc*., 962 S.W.2d 507, 514 (Tex. 1998)). Plaintiff alleges Defendant was unjustly enriched by retaining money for services he did not fully provide. Am. Compl. ¶ 38. Defendant stopped providing legal services and retained the money Plaintiff allegedly paid on March 12, 2019. *Id.* ¶ 15. Therefore, the unjust enrichment claim is barred by the statute of limitations.

## I. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** Defendant's Motion to Dismiss, ECF No. 62, be **GRANTED**.

**SIGNED** this 13th day of November, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE</u>

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**